UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-CR-42-JED |
| SHELVON TYRONE WILLIAMS; SHELDON TYRONE CHRISTOPHER WILLIAMS, JR.; LNU FNU, *also known as "Jonathan"*; BRIAN LEE THOMAS; KENYANTE' HAMPTON; and WHITNEY D'RON CLARK | ) ) ) ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

The Court has for its consideration the Motions in Limine of Defendant Shelvon Williams. (*See* Docs. 59, 60). Defendant Sheldon Williams Jr. joins in the Motions. (*See* Docs. 64, 65).

The defendants in this case are accused of engaging in a drugs-for-guns scheme in which members of the conspiracy obtained guns in Oklahoma and transported them to California in exchange for marijuana. (*See* Indictment, Doc. 3). In connection with these allegations, the grand jury indicted the defendants on the following charges:

- Count One: conspiracy to possess firearms in furtherance of, and during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(o);
- Count Two: conspiracy to possess and distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C) and § 846;
- Count Three: possession of firearms during and in relation to a drug trafficking crime, in violation of 924(c)(1)(A)(i).
- Count Four: possession of firearms during and in relation to a drug trafficking crime, in violation of 924(c)(1)(A)(i).

In their motions, the Williams Defendants ask the Court to prohibit the government from introducing evidence or argument related to (1) their gang affiliation (Doc. 59) and (2) their prior criminal history (Doc. 60).

1. **Gang Affiliation and Activity**

The Williams Defendants ask that the government be barred from presenting evidence implying that they are in a gang (including items or photos of clothing deemed to be gang related), that they engage in gang activity, that the investigation leading to their arrest was gang related, or that the officers involved are part of a gang unit.

Exactly what evidence the government intends to present at trial is unclear. The government's response is vague on this point, and the indictment includes no allegations of gang membership. Nevertheless, some of the government's case with respect to gang affiliation may be gleaned from representations the government made when it moved for a protective order earlier in the litigation. (*See* Doc. 41). There, the government represented that four of the six defendants in this case, including Shelvon and Sheldon Williams, were members or associates of a Tulsa street gang known as the "Squeeze Team." Citing admissions made by a member of the gang who pleaded guilty in a related case, the government describes the Squeeze Team as a "hybrid gang" whose members were drawn from other, larger gangs. According to the government, the Squeeze Team served as an enforcement unit whose purpose was to do violence to the gangs' rivals, the Hoover Crips, by "squeezing the trigger," that is, by shooting at them. (*See id.* at 3, 5).

The Williams Defendants argue that evidence of their alleged membership in the Squeeze Team is irrelevant because their alleged coconspirators may not have been members of the gang and the purpose of the alleged conspiracy "was to benefit the co-conspirators rather than any group or gang." (Doc. 59 at 4). At the very least, they argue, of gang affiliation would be unfairly prejudicial under Rule 403. Neither argument is compelling.

The defendants' first argument, that gang-affiliation evidence would be irrelevant, is plainly off base. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining

the action." Fed. R. Evid. 401. In this case, the government has charged the defendant with conspiracy to possess firearms in furtherance of drug trafficking and conspiracy to distribute a controlled substance. Each of these would require proof that the defendants knew of the conspiracy's essential objective and that they agreed to violate the law. *See United States v. Morehead*, 959 F.2d 1489, 1499, 1501 (10th Cir. 1992); *United States v. Small*, 423 F.3d 1164, 1182–83 (10th Cir. 2005). These "facts of consequence" are made more by evidence of shared gang affiliation because members of a criminal gang are more likely to agree upon a known criminal objective than are mere acquaintances or business colleagues. *See United States v. Robinson*, 978 F.2d 1554, 1563 (10th Cir. 1992) (holding that evidence of gang membership helped establish an agreement among the subjects, the purpose of the conspiracy, and knowledge on the part of the defendants). And, as the defendants candidly acknowledge, courts routinely permit the government to introduce evidence of gang activity in conspiracy cases. (*See* Doc. 59 at 2 (citing *United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999); *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995); *Robinson*, 978 F.2d at 1562; *United States v. Silverstein*, 737 F.2d 864, 866 (10th Cir. 1984)).

Of course, evidence of gang affiliation is not equally relevant in every case. If a defendant is a member of a gang, but his coconspirators are not, evidence of his membership would not tend to make it more likely that he came to an agreement with the nonmembers or knew about the conspiracy's criminal purpose. Similarly, even if the coconspirators are members of the same gang, only some gang-related evidence would be relevant if the gang's criminal activities are wholly unrelated to the conspiracy's objective. For example, if the coconspirators are members of a gang dedicated exclusively to narcotics trafficking, but the objective of the conspiracy was to perpetrate an insurance fraud, evidence of their membership in the same gang would be relevant because it

would show that the coconspirators were affiliated—and therefore more likely to join together for a common cause. Evidence that the gang engaged in drug trafficking, however, would not be relevant because drug trafficking and insurance fraud are wholly distinct endeavors. Apart from showing a general propensity for criminality, an improper use of character evidence, the fact that the gang trafficked in drugs makes it no more or less likely that members of the gang would agree to commit insurance fraud.

The Williams Defendants' argument, though not entirely clear, seems to hint at these limitations. For example, they claim that their gang affiliation is irrelevant because (1) the purpose of the alleged conspiracy was to benefit the individual coconspirators rather than the gang, and (2) some of the coconspirators may not have been members of the gang at all.

This line of attack is unconvincing for three reasons. First, the gang affiliation of the other coconspirators appears to be in dispute. Although counsel for Shelvon Williams suggests that only he and his brother have gang ties, the government claims that all but one of the alleged coconspirators have a direct connection to the Squeeze Team. According to the government, Defendant Brian Thomas is also a "confirmed" Squeeze Team member, Defendant KenYante' Hampton is a Squeeze Team associate, and Defendant Whitney Clark is the girlfriend of Sheldon Williams, a Squeeze Team member. (Doc. 41 at 3). Only "Jonathan" is not alleged to have ties to the gang extending beyond the crimes alleged. Given these connections, evidence of the Williams Defendants' affiliation with the Squeeze team would be relevant to proving up knowledge and agreement between the coconspirators.

Second, it is not at all clear why a conspiracy between gang members must benefit the gang as a group, rather than the individual coconspirators, in order for shared gang affiliation to be relevant. If a subgroup of gang members agrees to engage in a side-project for their own benefit,

their membership in the gang would still tend to show that they had a relationship of trust and would therefore be more likely to agree to participate together in a criminal endeavor. Accordingly, because evidence showing their shared gang affiliation would tend to make the fact of their agreement in the conspiracy's purpose more probable, such evidence would be relevant even if the purpose conspiracy was to enrich themselves rather than their organization.

Third, even if the purpose of the alleged conspiracy was to enrich the individual participants, evidence of a gang's activities would still be relevant because the gang's activities overlap with the scheme at the heart of the alleged conspiracy. The two conspiracy counts allege a guns-for-drugs scheme, and, although the primary purpose of the Squeeze Team seems to be enforcement and intimidation, the Williams Defendants concede that this entailed obtaining and trading firearms. (Doc. 59 at 1). If a gang deals regularly in firearms, it is not inconceivable that its members would leverage that experience to their advantage in other endeavors, including drug trafficking, whether the resulting benefit accrued to them as individuals or to the gang as a whole. Thus, evidence of the Squeeze Team's criminal enterprise, and the Williams Defendants' participation in it, would be relevant to the alleged conspiracies.

The Court is mindful that relevance is not synonymous with admissibility. Relevant evidence may be excluded if its probative value is substantially outweighed by certain prudential concerns, such as a danger of unfair prejudice. Fed. R. Evid. 403. In this case, presentation of evidence regarding the Williams Defendants' membership in a violent criminal gang has the potential to be unfairly prejudicial, as jurors could read gang membership as evidence that the defendants are simply predisposed to criminality or are guilty by mere association.

These concerns are particularly acute in this case because the government has provided no detail regarding the evidence they intend to present. In its response, the government stated only

that it "anticipates offering testimony concerning gangs, particularly street gangs, and their involvement in various criminal activities." (Doc. 66 at 4). Such broad language would certainly include some evidence that is unfairly prejudicial. For example, it would be unfairly prejudicial for the government to present evidence that the Williams Defendants are members of a street gang and then invite police officers to opine about the ruthlessness of gangs in general or even the Squeeze Team in particular. The activities of other gangs are wholly irrelevant to this case and the activities of the Squeeze Team are relevant only insofar as they tend to bear on a contested fact, such as the alleged conspirators access to firearms.

Nevertheless, the Court cannot say that the danger of unfair prejudice substantially outweighs the probative value of any and all evidence related to the Williams Defendants' affiliation with the Squeeze Team or their participation in its enforcement activities. Based on the government's filings to date, the government appears to have evidence linking all but one of the coconspirators to the gang as well as evidence that the gang's operations overlap with the purpose of the alleged conspiracies. Although this would offer only circumstantial evidence of their agreement and knowing participation, circumstantial evidence is often the strongest evidence of conspiracy. *See Robinson*, 978 F.2d at 1562–63. The Court will therefore permit the government to present evidence tending to show that the alleged coconspirators shared common gang affiliation. Evidence of the gang's activities will likewise be permitted, provided the government shows that the activities have a nexus with the purpose of the alleged conspiracy. That said, the government should not view this as an invitation to use gang affiliation as evidence of general criminality or to delve into aspects of the gang's activities that have only a tangential relationship with the crimes alleged in the indictment.

    **2.**    **Prior Convictions**

In their second motion, the Williams Defendants ask that the government be barred from presenting evidence of their prior criminal convictions for impeachment purposes.[1] In its response, the government states that it does not intend to offer such evidence. Accordingly, the Court will grant the motion. In the event the government changes its position, it shall seek the Court's leave before presenting prior-conviction evidence at trial.

**Conclusion**

For the reasons set out above, the Court **denies** Defendants' Motion in Limine (Docs. 59, 64) and **grants** Defendants' Motion in Limine (Docs. 65, 60).

SO ORDERED this 15th day of June, 2021.

                                                 JOHN E. DOWDELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT

---

1. Because Shelvon Williams filed the substantive motion, it references only his prior convictions, not those of Sheldon Williams. Nevertheless, the Court construes Sheldon Williams's joinder in the motion as a request that the government be prohibited from presenting evidence of either brother's criminal history. This conclusion is supported by the government's response, which likewise construes the joinder as a request that evidence of prior convictions be excluded with respect to both defendants.